IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARY ALAMO,                            :
                                       :      CIVIL ACTION
            Plaintiff,                 :      NO. 09-5686
                                       :
      v.                               :
                                       :
ABC FINANCIAL SERVICES, INC.,          :
                                       :
            Defendant.                 :

## OPINION

**Slomsky, J.**                                    **January 20, 2011**

## I.     Introduction

Before the Court is the Motion for Summary Judgment of Defendant ABC Financial

Services, Inc. ("ABC") (Doc. No. 14).  On December 1, 2009, Plaintiff Mary Alamo ("Alamo")

commenced this action against ABC Financial Services, Inc. (Doc. No. 1).  In the Complaint,

Plaintiff alleges that Defendant violated multiple provisions of the Fair Debt Collection Practices

Act (the "FDCPA").  Plaintiff seeks actual and statutory damages.  (Doc. No. 1 ¶¶ 1, 23.)  For the

following  reasons, the Court will grant Defendant's Motion for Summary Judgment.

## II.    Procedural History

As noted, on December 1, 2009, Plaintiff filed a Complaint against Defendant alleging

violations of the FDCPA (Doc. No. 1).  On January 13, 2010, Defendant filed an Answer (Doc.

No. 2).  On June 15, 2010, Defendant filed the instant Motion for Summary Judgment (Doc. No.

14).  On June 25, 2010, Plaintiff filed a Response in Opposition to Defendant's Motion (Doc.

No. 15).  Thereafter, on July 1, 2010, Defendant filed a Reply in Support of its Motion for

Summary Judgment (Doc. No. 17).  In accord with an Order of this Court dated July 2, 2010

(Doc. No. 18), Plaintiff filed a Statement of Material Facts in Response to the Statement of

Undisputed Facts set forth by Defendant in its Motion for Summary Judgment (Doc. No. 19).

Defendant filed a Reply to Plaintiff's Response to Defendant's Statement of Undisputed Facts

and a Response to Plaintiff's Counterstatement of Facts (Doc. No. 21).  Plaintiff filed a Reply in

Response to Defendant's Response to Plaintiff's Counterstatement of Facts (Doc. No. 23).

On September 10, 2010, the parties had a telephone conference with United States

Magistrate Judge Carol Sandra Moore Wells.  As a result of that conference, the parties agreed,

in a stipulation approved by this Court, that there are no issues of material fact that would

preclude the Court from deciding Defendant's Motion for Summary Judgment (the

"Stipulation").  (Doc. No. 31 ¶ 2).  The parties further agreed to waive oral argument on the

Motion.  (Id. ¶ 3.)

## III.    Facts[1]

On November 1, 2007, Defendant and K.K. Alliance, Inc., an entity doing business and

commonly known as Gold's Gym Wyomissing ("Gold's Gym") entered into a Billing Services

Agreement dated October 31, 2007 (the "Billing Services Agreement").  (Doc. No. 14, Exhibit

("Ex.") A ¶ 6; Doc. No. 14, Ex. C.)  Under the Billing Services Agreement, Defendant agreed to

"bill, service and account for all acceptable membership agreements of [Gold's Gym] that have

been delivered to Defendant from time to time under this Agreement."  (Doc. No. 14, Ex. C ¶ 2.)

---

[1]    Because the parties stipulated that "there are no issues of material fact that would
preclude the Court from deciding Defendant's Motion for Summary Judgment filed on June 15,
2010 as a matter of law," (Doc. No. 31 ¶ 2), the facts are derived from the Statement of
Undisputed Material Facts accompanying Defendant's Motion for Summary Judgment (Doc. No.
14).

On October 13, 2008, Plaintiff executed a Membership Agreement with Gold's Gym (the "Membership Agreement") (Doc. No. 14 ¶ 1; Id., Ex. B).  Pursuant to the terms of the Membership Agreement, Plaintiff purchased an annual membership with Gold's Gym commencing on October 2, 2008 (the "Alamo Account") and agreed to pay a membership fee of $26 per month.  (Doc. No. 14 ¶ 2; Id., Ex. B.)  At the time Plaintiff executed the Membership Agreement, Plaintiff paid two months of membership fees (apparently the first and last month installments) totaling $52, plus a one-time enrollment fee of $19.88, for a combined payment of $71.88.  (See Doc. No. 14 ¶ 3.)  Pursuant to the terms of the Membership Agreement, Plaintiff was obligated to make ten additional monthly payments in the amount of $26 per month, with the first monthly payment due on November 20, 2008.  (Id. ¶ 4.)

Defendant received the Alamo Account from Gold's Gym on November 11, 2008, (Doc. No. 14 ¶ 5; Id., Ex. A ¶ 12).  From November 20, 2008 through April 20, 2009, Defendant submitted for payment to Plaintiff's Visa card the $26 monthly fee owed under the Alamo Account as authorized by Plaintiff in the Membership Agreement.  (See Doc. No. 14 ¶ 6; Id., Ex. A ¶ 16.)  Defendant received payment from the Visa Card for the months of November through March.  (Doc. No. 14 ¶ 6.)  When no payment was received on April 20, 2009, the Alamo Account became delinquent.  (Id. ¶ 7.)  The Alamo Account was current and in good standing, and not in default or delinquent when Defendant obtained it on November 11, 2008.  (Id. ¶ 8.)

## IV.    Legal Standard

Granting summary judgment is an extraordinary remedy.  Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); Bouriez v. Carnegie Mellon Univ., 585 F.3d 765, 770 (3d Cir. 2009).  "An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law." Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  The Court's task is not to resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried.  Liberty Lobby, 477 U.S. at 247-49.

In ruling on a motion for summary judgment, the Court must view the evidence, and make all reasonable inferences from the evidence, in the light most favorable to the nonmoving party.  Chambers v. School Dist. of Philadelphia Bd. of Educ., 587 F.3d 176, 181 (3d Cir. 2009); Bouriez, 585 F.3d at 770.  Whenever a factual issue arises which cannot be resolved without a credibility determination, at this stage the Court must credit the nonmoving party's evidence over that presented by the moving party.  Anderson, 477 U.S. at 255.

In this case, the parties have stipulated that there are no issues of material fact that would preclude the Court from deciding Defendant's Motion for Summary Judgment as a matter of law. (Doc. No. 31 ¶ 2.)  Therefore, this Opinion does not address whether there are any genuine issues of material fact and addresses only whether the moving party, Defendant, is entitled to judgment

as a matter of law. Generally, once the moving party makes an initial showing that there is no genuine issue of material fact–which is a moot issue here given the Stipulation–then the non-movant must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Therefore, the burden here is on Plaintiff to "present affirmative evidence to defeat a properly supported motion for summary judgment." Anderson, 477 U.S. at 257.

## V.    Discussion

The issue before the court is whether Defendant is a "debt collector" as defined in the FDCPA. If Defendant is a debt collector then it is subject to the requirements of the FDCPA. If it is not, then Defendant is not subject to the requirements of the FDCPA and Defendant's Motion for Summary Judgment must be granted as a matter of law. See Pollice v. National Tax Funding, L.P., 59 F. Supp. 2d 474 (W.D. Pa. 1999), *rev'd on other grounds*, Pollice v. National Tax Funding, L.P., 225 F.3d 379 (3d. Cir. 2000). Because the Court finds that Defendant is not a debt collector as defined in the FDCPA, Defendant's Motion for Summary Judgment will be granted.

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Courts have drawn a line

whereby the FDCPA applies to debt collectors as specifically defined by the FDCPA,[2] <u>see</u> <u>Prince</u>

---

[2]     The FDCPA defines a "debt collector" as:

[A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f (6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

The term does not include—

(A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;

(B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;

(C) any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties;

(D) any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt;

(E) any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors; and

(F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity

(i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement;

(ii) concerns a debt which was originated by such person;

(iii) concerns a debt which was not in default at the time it was obtained by such person; or

6

v. NCO Fin. Servs., 346 F. Supp.2d 744, 747 (E.D. Pa. 2004) (citing Pollice, 225 F.3d at 403),

while "[c]reditors [ ] generally are not subject to the FDCPA." FTC v. Check Investors, Inc., 502

F.3d 159, 171 (3d Cir. 2007) (citation omitted). Whether a defendant is a debt collector as

defined by the FDCPA is a question of law appropriate for resolution on summary judgment.

See id.

A.    Section 1692a(6)(F)(iii) Is Applicable To Loan Servicing Agents

Defendant argues that §1692a(6)(F)(iii) of the FDCPA, which excludes from the

definition of debt collector, "any person collecting or attempting to collect any debt owed or due

or asserted to be owed or due another, to the extent such activity . . . concerns a debt which was

not in default at the time it was obtained by such person," is applicable and dispositive here.

(Doc. No. 14 at 4.)  Defendant asserts that because it received the Alamo Account from Gold's

Gym on November 11, 2008, and it collected payments owed by Alamo to Gold's Gym for five

months before the account went into default on April 20, 2009, it obtained the debt at a time

when it was not in default and it therefore falls within this exception and is not a debt collector

within the meaning of the FDCPA.

Defendant's threshold assertion that §1692a(6)(F)(iii) is applicable to a loan servicer like

Defendant has merit.  Court's have frequently interpreted the "not in default" exception to the

FDCPA in regard to loan servicers who service loans for lenders, and receive the account for

---

(iv) concerns a debt obtained by such person as a secured party in a
commercial credit transaction involving the creditor.

15 U.S.C.A. § 1692a(6).

servicing while the loan is still current.  See, e.g.,  Wadlington v. Credit Acceptance Corp., 76

F.3d 103 (6th Cir. 1996);  Perry v. Stewart Title Co., 756 F.2d 1197 (5th Cir. 1985);  Motley v.

Homecomings Financial, LLC, 557 F. Supp. 2d 1005 (D. Minn. 2008); Cyphers v. Litton Loan

Servicing, L.L.P., 503 F. Supp.2d 547 (N.D.N.Y. 2007); Berndt v. Fairfield Resorts, Inc., 339 F.

Supp.2d 1064 (W.D. Wisc. 2004).  This District expressly addressed the applicability of the "not

in default" exception to the FDCPA in Prince v. NCO Financial Services, 346 F. Supp. 2d 744

(E.D. Pa. 2004).  In Prince, the defendant, an account servicing agent for Capital One Bank,

asserted that it was not a debt collector under the FDCPA because the plaintiff's account was not

in default at the time that the defendant received the account.  Id. at 751.  The Prince defendant

and Capital One Bank had an Account Servicing Agreement that noted that the accounts referred

to the defendant were not in default at the time of referral.  Id. at 746.  The court agreed with the

defendant that the exception applied, found that the plaintiff could not establish the defendant

was a debt collector, and granted summary judgment in the defendant's favor.  Prince 346 F.

Supp. 2d at 751; see also Sponaugle v. First Union Mortg. Corp., 40 Fed. App'x. 715, 717 n.2

(3d Cir. 2002) (finding that the §1692a(6)(F)(iii) exception applied to a mortgage company,

which might not be a debt collector under the FDCPA because the relevant debt was not in

default at the time it was received).  The facts of this case closely mirror those of Prince.  Here,

Defendant was hired as an account servicing agent of Gold's Gym, as evidenced by the Billing

Services Agreement.  The Billing Services Agreement indicated that all accounts referred to

Defendant were not in default at the time of referral.  Accordingly, the §1692a(6)(F)(iii)

exception is applicable to Defendant.

B.      The Alamo Account Was Not In Default At The Time It Was Assigned

Finding that the exception is applicable, this Court must now consider whether the Alamo Account was in default when Defendant first received it from Gold's Gym on November 11, 2008.

The Third Circuit has explained that "an assignee of an obligation is not a 'debt collector' if the obligation is not in default at the time of assignment; conversely, an assignee may be deemed a 'debt collector' if the obligation is already in default when it is assigned." Check Investors, 502 F.3d at 172.  Plaintiff essentially concedes that the Alamo Account was not in default when Defendant received it by entering into the Stipulation and not contesting the following facts: (1) "[Defendant] received the Alamo Account from Gold's Gym on November 11, 2008;" (2) "The Alamo Account first became delinquent on April 20, 2009;" and (3) The Alamo Account was current and in good standing, and not in default or delinquent when [Defendant] obtained it on November 11, 2008."  (Doc. No. 14 ¶¶ 5, 7-8; Doc. No. 31 ¶ 2.) Despite the Stipulation, upon a full analysis of what constitutes "default" under the FDCPA, it is clear that the Alamo Account does not qualify as having been in "default" and the exception in §1692a(6)(F)(iii) applies.

The FDCPA does not define the term "default."  This omission apparently is a deliberate decision, leaving it to a court to decide what constitutes a default on a case-by-case basis.  See Prince, 346 F. Supp. 2d at 747.  Because no statutory definition exists, several district courts have addressed the issue of what constitutes a default under the FDCPA by looking to the contractual provisions governing the underlying debt between the consumer and the creditor.  See id.; Hartman v. Meridian Fin. Servs., 191 F. Supp. 2d 1031 (W.D. Wisc. 2002).  An examination

of the terms of the underlying debt in this case, as set forth in the Membership Agreement, makes clear that "[a] default occurs when any payment due under this agreement is more than ten days late." (Doc. No. 14, Ex. B.) As of November 11, 2008, when Defendant received the Alamo Account from Gold's Gym, Plaintiff had not yet missed any payments due under the Membership Agreement. The Alamo Account was therefore not in default. Further, the Billing Services Agreement, in which Defendant agreed to service all "acceptable membership agreements" of Gold's Gym, states that "[o]nly current agreements under which the member is not in default or past due for any amount will be acceptable membership agreements under this Agreement." (Doc. No. 14, Ex. C ¶¶ 2, 7.) Therefore, Gold's Gym represented to Defendant that the Alamo Account was not in default when it sent the Alamo Account to Defendant for servicing on November 11, 2008. Consideration of the these facts along with the Stipulation provides a satisfactory showing that the Alamo Account was not in default when it was received by Defendant.

Following this initial showing, to defeat summary judgment, Plaintiff must sufficiently establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex, 477 U.S. at 322. Because Plaintiff cannot establish a key element–that Defendant is a debt-collector, Plaintiff cannot meet this burden. Plaintiff has failed to overcome the evidence proffered by Defendant that it is not a debt collector within the meaning of the FDCPA.

Plaintiff argues that because Defendant maintains a license with the Arkansas State Board of Collection Agencies and it provides its employees with training on the FDCPA and debt collection activities that it is a necessarily a debt collector for purposes of this case. (Doc. No.

15-1 at 6.)  This argument ignores the fact that the FDCPA governs and that the exception in §1692a(6)(F)(iii) is applicable.

Plaintiff also argues that Defendant sent five letters to Plaintiff from April 2009 to June 2009, and these letters were violative of the FDCPA.  (Doc. No. 15-1 at 8.)  This argument is based on the premise that Defendant is already a debt collector subject to the FDCPA.  It is a circuitous argument and without merit.  Finally, Plaintiff attempts to portray Defendant as a debt collector because the correspondence included language implying that it was being sent in an "attempt to collect a debt."  (Id.)  This claim is unavailing because merely identifying oneself as a debt collector does not make one a debt collector under the FDCPA.  See Prince, 346 F. Supp. 2d at 751; Pulawa v. Fed. Recovery Servs., Inc., No. 05-001559, 05-00209, 2006 WL 1153745, at *8 (D. Haw. 2006); Martin v. Select Portfolio Servicing Corp., No. 05-273, 2008 WL 618788, at *5 (S.D. Ohio 2008).

Additionally, Plaintiff's brief contains arguments regarding when "collection efforts by [Defendant] commenced" (Doc. No. 15-1 at 2) and about when Defendant began "servicing the account."  These assertions ignore the clear wording of the FDCPA, which determines debt collector status based on when the account was received–not when efforts commenced or when "servicing" began.  And, as stated *supra*, it is clear that Defendant received Plaintiff's Alamo Account prior to its going into default on April 20, 2009.[3]

---

[3]    Plaintiff's brief includes other arguments that are either mooted by the Stipulation or are based on factual inaccuracies that were resolved in Defendant's reply brief.  For example, Plaintiff states that the Billing Services Agreement is not signed by Defendant and is therefore merely an "exemplar of contract," arguing that no such contract ever actually existed.  (Doc. No. 15-1 at 5.)  However, because Plaintiff has stipulated that there are no material issues of fact, it must be presumed that she is no longer contesting that such an agreement existed.  Moreover, in light of all of the competent evidence presented, this Court may properly infer that such a

## VI.    Conclusion

Because the parties have stipulated that there are no genuine issues of material fact, and because Plaintiff has failed to meet her burden of showing that Defendant is a debt collector under the FDCPA as a matter of law, this Court will grant Defendant's Motion for Summary Judgment.

An appropriate Order follows.

---

contract existed between Gold's Gym and Defendant.  Plaintiff also asserts that, although Defendant may have originally received the account on November 11, 2008 (before it was in default), Defendant returned the account to Gold's Gym and re-received it after April 20, 2009, when it *was* in default.  (Doc. No. 15-1 9-11.)  This argument is mooted by the Stipulation because it is a factual argument and Plaintiff agreed that there are no material issues of fact. Moreover, this argument is undermined by the explanation contained in Defendant's reply brief (Doc. No. 17) and accompanying affidavit of Jill Dozier, Chief Operations Officer of Defendant (Doc. No. 17, Ex. F).